IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) CIVIL ACTION 05-0146-WS-B ) |
| **PROPCO, INC., et al.,** | ) ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment. (Doc. 23). The file reflects that default has been entered against defendants M.C. Aviation, Inc. ("M.C.") and Arve Hendrickson, Jr. for failure to plead or otherwise defend in response to the plaintiff's complaint. (Doc. 37).

However, while M.C. and Hendrickson have not responded to the complaint, they have appeared in the action, by filing an answer to the crossclaim of defendant Propco, Inc. (Doc. 28). A defaulted party is entitled to service of the "written notice of the application for [default] judgment" if he "has appeared in the action." Fed. R. Civ. P. 55(b)(2). Because M.C. and Hendrickson have appeared, and because the motion for default judgment does not reflect service on them, the motion is **denied**.[1]

DONE and ORDERED this 9th day of June, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] It is true that the answer was signed by Hendrickson on behalf of M.C. It is further true that a corporation cannot appear in federal court through a layman but only through an attorney. *E.g., Rowland v. California Men's Colony*, 506 U.S. 194, 202-03 (1993); *Federal Trade Commission v. Gem Merchandising Corp.*, 1995 WL 623168 at *1 (11th Cir. 1995). However, for purposes of Rule 55(b)(2), "[t]he appearance required by the rule has been broadly defined, and not limited to a formal court appearance." *Charlton L. Davis & Co. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir. 1977).